UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CALVIN JAMAL SMITH,

            Petitioner,

                                  CASE NO. 05-CV-73711-DT
   v.                            JUDGE NANCY G. EDMUNDS
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

KENNETH ROMANOWSKI,

            Respondent.

_____/


**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should grant petitioner's application for the writ of habeas corpus.

II.    <u>REPORT</u>:

A.    *Procedural History*

    1.    Petitioner Calvin Jamal Smith is a state prisoner, currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan.

    2.    On April 4, 2003, petitioner was convicted of carrying a concealed weapon (CCW), MICH. COMP. LAWS § 750.227(2); felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Genesee County Circuit Court.  On May 5, 2003, he was sentenced as an habitual offender, fourth offense, to a term of 32 months' to life imprisonment on the CCW and felon in possession convictions, and to a mandatory consecutive term of five years' imprisonment on the felony-firearm conviction.

    3.    Petitioner appealed as of right to the Michigan Court of Appeals raising, through

counsel, the following claims:

> I.    THE PROSECUTOR PRESENTED INSUFFICIENT EVIDENCE TO PROVE DEFENDANT KNEW THAT A GUN WAS IN THE CAR HE DROVE.
>
> II.   DEFENDANT IS ENTITLED TO RESENTENCING WHERE THE TRIAL COURT, CONTRARY TO MCL 769.9, IMPOSED CONCURRENT SENTENCES OF 32 MONTHS TO LIFE IN PRISON.

The court of appeals found no merit to petitioner's claims insufficient evidence claim, and affirmed his conviction. However, the court of appeal concluded that petitioner's sentence was invalid, and remanded for resentencing. *See People v. Smith*, No. 248655, 2004 WL 2873804 (Mich. Ct. App. Dec. 14, 2004) (per curiam).

4.    Petitioner, proceeding *pro se*, sought leave to appeal the sufficiency of the evidence issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Smith*, 473 Mich. 884, 699 N.W.2d 704 (2005).

5.    On September 12, 2005, petitioner was resentenced to a term of 32 months' to 15 years' imprisonment on the CCW and felon in possession convictions. The court reimposed the mandatory consecutive term of five years' imprisonment on the felony-firearm conviction. As of the date of respondent's answer, petitioner's appeal from this resentencing was pending in the Michigan Court of Appeals.

6.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on September 28, 2005. As grounds for the writ of habeas corpus, he raises the sufficiency of the evidence claim that he raised in the state courts.

7.    Respondent filed his answer on April 17, 2006. He contends that petitioner's claim is without merit.

2

B.   *Factual Background Underlying Petitioner's Conviction*

Petitioner's conviction arises from a traffic stop in the City of Flint on December 31, 2002. Officer Jason Groulx testified that at approximately 11:10 p.m. on that night, he was on duty at the corner of Saginaw and 12th Street.  He observed a van that was traveling without lights.  He activated his emergency lights to initiate a traffic stop.  The van continued driving at a slow rate of speed for about 45 seconds, eventually pulling into a parking lot and stopping.  Petitioner was driving the vehicle.  Officer Groulx asked petitioner for his driver's license, registration, and proof of insurance.  Petitioner was unable to provide registration or proof of insurance.  Petitioner told Officer Groulx that the van belonged to a friend.  A LEIN check revealed that the van had improper plates.  Officer Groulx placed petitioner in his vehicle and conducted an inventory search in preparation for impounding the car.  Officer Groulx discovered a .380 caliber pistol in the pocket located behind the front passenger seat.  The gun was on top of various items inside the pocket, and appeared to have been recently placed in the pocket because the heavy gun had not shifted deeper into the pocket.  The barrel of the gun was pointed down, and the handle was facing petitioner and accessible to him from the driver's seat.  *See* Trial Tr., at 90-109, 120.

Eric Shoemo testified that he owned the van that petitioner was driving and that he had loaned the van to petitioner for New Year's Eve.  He testified that he did not keep any items in the seat pockets, and that he neither owned a gun nor put one in the van.  Shoemo had also let his cousin and some other people use the van.  *See id*. at 125-29.

Yvette Ruckes, an identification technician with the Flint Police Department, testified that no fingerprints were found on the gun, the gun magazine, or the bullets.  *See id*. at 141-52.

Marcus Cook, a friend of petitioner, testified that petitioner gave him a ride on New Year's

3

Eve. He sat in the van in the rear seat behind the front passenger seat. He identified the gun discovered by Officer Groulx as his. Cook testified that he had brought the gun with him to fire into the air in celebration. He learned that the gun was missing when he heard of petitioner's arrest. He claimed that he tried to report that the gun was his to the police and prosecutor. However, he was unable to offer an explanation for how the gun had gotten out of his coat pocket and into the seat pocket. He testified that petitioner did not have a gun, and that petitioner did not know that he had a gun. *See id*. at 155-75.

C.     *Standard of Review*

      Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

      "[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts

the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the

5

benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.     *Analysis*

        Petitioner's sole claim in this habeas proceeding is that the prosecution presented insufficient evidence to prove him guilty beyond a reasonable doubt. The Court should conclude that petitioner is entitled to habeas relief on this claim.

        1.     *Clearly Established Law*

        The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from

6

the record in favor of the prosecution.  *See Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992).  In determining the sufficiency of the evidence, the court must give circumstantial evidence the same weight as direct evidence.  *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993).

However, under the amended version § 2254(d)(1) a federal habeas court must apply a more deferential standard of review of the state court decision.  Thus, the question here is whether the Michigan Court of Appeals's application of the *Jackson* standard was reasonable. *See Gomez v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1998); *Restrepo v. DiPaolo*, 1 F. Supp. 2d 103, 106 (D. Mass 1998).

   2.   *Analysis*

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, *see Jackson*, 443 U.S. at 324, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case."  *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  Thus, "[a] federal court must look to state law to determine the elements of the crime." *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999).  Under Michigan law, each of the three firearms offenses for which petitioner was convicted require that petitioner have "possessed" the firearm.  *See Parker v. Renico*, 450 F. Supp. 2d 727, 733 (E.D. Mich. 2006) (Cohn, J.) (elements of felony firearm and felon in possession include possessing the weapon); *People v. Nimeth*, 236 Mich. App. 616, 622, 601 N.W.2d 393, 397 (1999) (elements of CCW include that the defendant was aware of the presence of the firearm in the vehicle and that he carried it).  "Possession of a firearm

7

under Michigan law can be actual or constructive and can be proven by circumstantial evidence." *Parker*, 450 F. Supp. 2d at 733 (citing *People v. Hill*, 433 Mich. 464, 469, 446 N.W.2d 140, 143 (1989)).

The Michigan Court of Appeals rejected petitioner's claim, concluding that a reasonable jury could have found that petitioner had constructive possession of the gun and knowledge of its presence.  The court reasoned that "[t]he evidence adduced established that the gun was situated on top of other items located in the pocket with the gun handle pointing up.  The officer who stopped and arrested defendant testified that the gun could be retrieved from the seat pocket by anyone driving the van."  *Smith*, 2004 WL 2873804, at *2, slip op. at 2.  The court also reasoned that the jury was free to disregard Marcus Cook's testimony that the gun belonged to him, not petitioner. *See id.*  Based on these facts, the court of appeals concluded that a reasonable jury could have found that petitioner constructively possessed the gun.  The Court should conclude that this was an unreasonable application of *Jackson* in light of the evidence adduced at trial.

Although constructive possession is sufficient to establish possession, and although constructive possession may be shown by circumstantial evidence, it is well established that "[a] defendant's mere presence near firearms, without more, is insufficient to prove that he or she was in possession of the firearm."  *Parker*, 450 F. Supp. 2d at 733 (citing *People v. Wolfe*, 440 Mich. 508, 520, 527, 489 N.W.2d 748, 753, 757, *as amended by* 441 Mich. 1201 (1992)); *see also*, *United States v. Arnold*, 434 F.3d 396, 404 (6th Cir. 2006), *opinion vacated and rehr'g en banc granted* (citing cases for proposition that "it is well established that a defendant's mere presence in a car

8

when a firearm is found under a seat does not establish possession.").[1]  Here, there was no evidence presented going to petitioner's possession other than his presence in the car with the firearm.  There was no evidence that petitioner had exclusive ownership or control of the vehicle; on the contrary, the unrebutted evidence was that the car was owned by petitioner's friend and driven by a number of people.  There was no physical evidence tying petitioner to the gun–for example, no fingerprints were found on the gun and petitioner did not have ammunition on his person.  There was no evidence that the gun was owned by or registered to petitioner.  There was no testimony from witnesses who saw petitioner in possession of a gun at any time.  There was no evidence that the gun was visible from its location such that petitioner had to have known about its presence.  There was no testimony from the arresting officer that petitioner made any furtive movements indicative of trying to hide the gun.  In short, there was no evidence against petitioner except for the fact that the gun was found in the same vehicle that he was driving.  This was wholly insufficient to establish his possession of the weapon.

The unreasonableness of the court of appeals' contrary conclusion is demonstrated by the utter lack of any indicia of possession beyond mere presence, and the lack of any cases finding constructive possession on similar evidence.  Neither the court of appeals nor the respondent has cited a single case finding constructive possession on similar facts.  In an attempt to locate such a case, I constructed a search of the Westlaw ALLCASES (federal and state cases) database, with the search phrase "evidence /s sufficient or insufficient /s possess! /s firearm gun /p ((pocket or seat) /s (car or vehicle))."  The search produced 316 results.  In each of the cases in which the possession

---

[1]Although *Arnold* has been vacated in light of the Sixth Circuit's grant of rehearing en banc, and thus has no precedential value, it is still persuasive in light of its discussion of the general principles of constructive possession applied by all courts, including the Michigan courts.

conviction was upheld, there was some factor of the type discussed above in addition to the evidence of presence. Where, as here, there was not any additional evidence to tie the defendant to the gun beyond his presence in the automobile in which the gun was found, the courts uniformly found the evidence insufficient to show constructive possession.[2] And in *Parker*, *supra*, Judge Cohn found that the court of appeals's application of *Jackson* was unreasonable in similar circumstances. *See Parker*, 450 F. Supp. 2d at 734-35.

As explained above, there was no evidence which tied petitioner to the gun apart from his presence in the van. No physical evidence, eyewitness testimony, or evidence or ownership was presented. "The thrust of the [prosecution's] evidence rested on suspicion and conjecture arising from [petitioner's] proximity to the firearm. This was not enough." *Gates*, 491 F.2d at 721-22.[3] In short, Judge Cohn's reasoning in *Parker* is equally apt in this case:

> Here, while the evidence may have lead to a "reasonable speculation" that

---

[2]*See Arnold*, 434 F.3d at 404; *United States v. Hishaw*, 235 F.3d 565, 572-73 (10th Cir. 2000); *United States v. Chairez*, 33 F.3d 823, 825-26 (7th Cir. 1994); *United States v. Blue*, 957 F.2d 106, 108 (4th Cir. 1992); *United States v. Bernal*, 719 F.2d 1475, 1479 (9th Cir. 1983); *United States v. Whitfield*, 629 F.2d 136, 144 (D.C. Cir. 1980); *United States v. Brimley*, 592 F.2d 103, 107 (6th Cir. 1976); *United States v. Gates*, 491 F.2d 720, 721-22 (7th Cir. 1974); *In re M.I.W.*, 667 A.2d 573, 575-78 (D.C. 1995); *Easley v. United States*, 482 A.2d 779, 781 (D.C. 1984); *L.J. v. State*, 553 So.2d 286, 287 (Fla. Ct. App. 1989) (per curiam); *Wofford v. State*, 585 S.E.2d 207, 208-09 (Ga. Ct. App. 2003); *Battle v. State*, 286 S.E.2d 341, 342 (Ga. Ct. App. 1981); *State v. Lamothe*, 738 So. 2d 55, 57 (La. Ct. App. 1999); *Commonwealth v. Almeida*, 409 N.E.2d 776, 778 (Mass. 1980); *State v. Brodie*, No. 04-1355, 2005 WL 1950263, at *3-*5 (N.C. Ct. App. Aug. 16, 2005); *Commonwealth v. Boatwright*, 453 A.2d 1058, 1059 (Pa. Super. Ct. 1982). Importantly, in each of these cases the court was applying a federal or state constructive possession rule identical to Michigan's rule.

[3]The arresting officer did testify that the gun was *accessible* to the driver; however, he did not testify that the gun was in plain view such that petitioner had to have known of its presence. The evidence of accessibility is insufficient to establish possession. Evidence which "'goes only to [a weapon's] accessibility'" does not go "'to the dominion or control which must be proved to establish possession.'" *Arnold*, 434 F.3d at 404 (quoting *United States v. Soto*, 779 F.2d 558, 560, *amended on other grounds*, 793 F.2d 217 (9th Cir. 1986)).

Petitioner was in possession of one of the firearms used in the incident, without stacking inferences there is insufficient evidence to prove beyond a reasonable doubt that petitioner was in possession of a firearm at the time of the incident. The "meager circumstantial evidence" is simply too innocuous to convict petitioner of these crimes, particularly since much of it is "conjecture camouflaged as evidence." *Piaskowski v. Bett*, 256 F.3d 687, 693 (7th Cir.2001). The Michigan Court of Appeals' conclusion that the evidence was sufficient to convict petitioner is contrary to, or an unreasonable application of Jackson.

In reaching this decision, the Court is mindful of the deference required by the AEDPA and has not attempted to substitute its judgment for that of the Michigan courts. Rather, the Court has carefully reviewed the Michigan Court of Appeals' decision in light of the evidence and has come to the conclusion that the state court's decision is objectively unreasonable.

*Parker*, 450 F. Supp. 2d at 735; *see also*, *Wolfe*, 440 Mich. at 527, 489 N.W.2d at 757 ("The police officers found a shotgun on the living room floor of the apartment. Except for the presence of defendant Wolfe in the apartment, there was no evidence that he had any role in obtaining the gun or in making it available during commission of the underlying felony. Unlike Rogers, Wolfe did not have a shell in his pocket that could be used in the shotgun. Likewise, there was no evidence that Wolfe attempted to use the gun, or even to reach for it, when the police entered the apartment. We conclude that Wolfe's presence in the apartment alone is insufficient proof of possession of a firearm during the commission of a felony.").[4]

In short, there was no evidence from which a reasonable jury could have concluded that petitioner constructively possessed the gun found in the automobile, and in light of the evidence presented at trial the court of appeals's contrary conclusion reflects an unreasonable application of

---

[4]Much of respondent's argument focuses on Cook's testimony that the gun was his. Of course, even in the absence of any contrary evidence, the jury was free to reject Cook's testimony. But this rejection alone is insufficient to prove possession beyond a reasonable doubt. The prosecution was not required to merely negate petitioner's case. It was also required to present affirmative evidence of petitioner's guilt beyond a reasonable doubt. In other words, even in the absence of Cook's testimony on petitioner's behalf, the prosecution presented no evidence of petitioner's possession beyond his mere presence.

the *Jackson* sufficiency of the evidence standard.  Thus, petitioner is entitled to habeas relief on his insufficient evidence claim.  Under the Double Jeopardy Clause, a finding that the evidence was insufficient precludes retrial on the charges, *see Patterson v. Haskins*, 470 F.3d 645, 651-52 (6th Cir. 2006) (discussing *Burks v. United States*, 437 U.S. 1, 19 (1978) and *Greene v. Massey*, 437 U.S. 19, 24 (1978)).  Thus, if the Court agrees with my recommendation that petitioner is entitled to habeas relief, the Court should grant petitioner an unconditional writ instructing respondent to release petitioner.  *See Parker*, 450 F. Supp. 2d at 735.[5]

E.    *Conclusion*

        In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's sufficiency of the evidence claim resulted in a decision which involved an unreasonable application of clearly established federal law.  Accordingly, the Court should grant petitioner's application for the writ of habeas corpus, and should issue an unconditional writ ordering respondent to release petitioner from custody.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

        The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will

---

        [5]Of course, to the extent that petitioner is lawfully confined on any other conviction besides the three at issue here, the state need not release him from custody.

not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 3/26/07

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 26, 2007.

s/Eddrey Butts
Case Manager

13