UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN JAMAL SMITH,

    Petitioner,

Case No. 05-73711

Honorable Nancy G. Edmunds

v.

KENNETH ROMANOWSKI,

    Respondent.
_____/

**ORDER REJECTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [23]**

This matter comes before the Court on the Magistrate Judge's March 26, 2007 report and recommendation and Respondent's subsequent objections. Petitioner Calvin Smith requests that this Court grant a writ of habeas corpus due to insufficient evidence of constructive possession to support his state court convictions for carrying a concealed weapon, being a felon in possession of a firearm, and possession of a firearm during commission of a felony. For the reasons stated below, the Court REJECTS the Magistrate Judge's report and recommendation and DENIES Petitioner's request for a writ of habeas corpus.

As the Magistrate Judge's report and recommendation notes, when a defendant challenges the sufficiency of evidence underlying a state court conviction, federal courts conduct a deferential review of both (1) the underlying facts of the case, and (2) any state appeals court's consideration of the petitioner's claim. With regard to the facts, a reviewing court must view "the evidence in the light most favorable to the prosecution, [to see

whether] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). A habeas court also looks deferentially upon a state appeals court's decision regarding the petitioner's appeal, as "a writ of habeas corpus may be issued for evidence insufficiency only if the state courts have unreasonably applied the *Jackson* standard." *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1997). This factor of the analysis "now turns on whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying *Jackson*'s 'no rational trier of fact' test." *Id.*

The crux of the Magistrate Judge's report and recommendation is that the state did not prove that Petitioner had constructive possession of the firearm that police found in the vehicle he was driving because the only evidence linking him to the gun was his presence near where it was discovered. (Docket No. 23 at 9.) This position overlooks several other facts included in the Magistrate Judge's report and recommendation, and acknowledged by Petitioner. Specifically that "(1) Petitioner was the only person in the vehicle when the weapon was found, (2) that the weapon was found in a rear seat pocket [on the back of the front passenger seat], easily accessible to the Petitioner, and (3) that the weapon was situated on top of other items in the pocket." (Pet'r's Br. at 9.) The last point was important because the arresting officer indicated that the firearm was heavy enough that it would have settled down amongst everything else in the pocket if it had been in that location for any period of time. (Tr. at 106-07.) Furthermore, the arresting officer stated that the gun handle was pointed towards the driver's seat, making it even more accessible to Petitioner,

(*Id.* at 106) and Petitioner took some time to pull over, indicating that he might have been stalling in an attempt to hide the weapon. (Resp't's Objections at 4.)

It is true that a witness in this case, Marcius Cook, testified that he was riding in the van that Petitioner was driving that night prior to the traffic stop leading to the seizure, and that the gun was his. Petitioner recognizes, however, that it was entirely within the province of the jury to disregard Cook's testimony on this issue. Therefore, the fact that there is competing evidence to refute the circumstantial evidence listed above is irrelevant under the deferential view of the evidence that this Court must take under *Jackson*. After considering the additional evidence listed above, which the Magistrate Judge did not take into account in his report and recommendation, the Court concludes that Petitioner has not met his burden required for a writ of habeas corpus to issue because, taken in a light most favorable to the prosecution, a rational jury could have found that Petitioner constructively possessed the firearm. The evidence may be thin, but it is sufficient to support Petitioner's convictions on these facts.

In addition, the Court does not find that the Michigan appeals court considering Petitioner's claims below acted unreasonably in considering the facts of this case. A review of that opinion, *People v. Smith*, No. 248655, 2004 WL 2873804 at *1 (Mich. Ct. App. Dec. 14, 2004), confirms that the state court considered the facts of this case and came to a reasoned conclusion that Petitioner's claim of insufficient evidence was without merit. As this result was not unreasonable, there is no basis for granting Petitioner's writ of habeas corpus on this additional ground.

Being fully advised in the premises, having read the pleadings, and for the reasons. set forth above, the Court hereby REJECTS the Magistrate Judge's report and recommendation and DENIES Petitioner's request for a writ of habeas corpus.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 1, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager